OPINION *Page 2 
{¶ 1} On December 21, 2006, the Guernsey County Grand Jury indicted appellant, William McKim, on one count of rape in violation of R.C.2907.02 in Case No. 06CR214. On March 6, 2007, the Guernsey County Grand Jury indicted appellant on two counts of rape in violation of R.C.2907.02 and one count of gross sexual imposition in violation of R.C.2907.05 in Case No. 07CR40. Said charges arose from incidents involving two different individuals, both under the age of thirteen.
 {¶ 2} On May 18, 2007, pursuant to a negotiated plea, appellant pled no contest to an amended count of attempted rape in violation of R.C.2923.02 in Case No. 06CR214, and the two rape counts in Case No. 07CR40. The gross sexual imposition count in Case No. 07CR40 was dismissed. By judgment of conviction and judgment entry of sentence filed May 21, 2007 in each case, the trial court found appellant guilty, and sentenced him to seven years in Case No. 06CR214 and an aggregate sentence of thirteen years in Case No. 07CR40, to be served consecutively, for a total term of twenty years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE APPELLANT HAS A CLAIM FOR INEFFECTIVE ASSISTANCE OF COUNSEL AS THE APPELLANT BELIEVED HIS NEGOTIATED PLEA WAS FOR CONCURRENT SENTENCES RATHER THAN FOR CONSECUTIVE SENTENCES." *Page 3 
 I {¶ 5} Appellant claims his trial counsel was ineffective because he believed he was to receive concurrent sentences rather than consecutive sentences. We disagree.
 {¶ 6} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 7} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 8} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 9} Appellant argues he was under the impression that he was to receive concurrent sentences not consecutive sentences. Although appellant argues he misunderstood the imposition of consecutive sentences, the transcript of the hearing belies this argument:
{¶ l0} "THE COURT: * * * So you would face up to twenty-eight years of imprisonment plus Fifty-Five Thousand Dollars of fines if the Court would impose the sentences consecutively for the maximum term possible. However, under the terms of the negotiated plea, the State of Ohio is recommending a seven year prison sentence *Page 4 
on Count One, that's the Attempted Rape charge, and on Count One in Case Number 07-CR-40, six years, and on Count Two, of 07-CR-40, no that's incorrect. They are recommending seven years on the first count and six years on the second count with those terms all to be served consecutive for twenty years total of imprisonment. Further, under Ohio Law you would be designated as a Child Victim Predator, under 2950.01, and I would have duty to review the reporting requirements with you. * * * Do you understand those matters.
 {¶ 11} "MR. McKIM: Yes.
 {¶ 12} "THE COURT: Do you further understand by pleading `No Contest' in these two cases the Court, that is the Judge will decide your guilt of these offenses, and if you plead `No Contest' and do not present any testimony and exhibits into evidence, you most likely will be convicted of these crimes here this afternoon. Do you understand that?
 {¶ 13} "MR. McKIM: Yes I do.
 {¶ 14} "THE COURT: Do you further understand that no Presentence Investigation will be ordered, and the Court will turn to immediate imposition of sentence?
 {¶ 15} "MR. McKIM: Yes." T. at 5-6.
 {¶ 16} The trial court proceeded to inform appellant of post release control supervision, and then asked appellant if he had any questions. Appellant responded in the negative. T. at 6-7. After the consecutive sentences were imposed, the trial court again asked appellant if he had any questions regarding the sentence, and gave him an *Page 5 
opportunity to object. T. at 20. Appellant answered the question in the negative, indicating he did not have any questions or objections. Id.
 {¶ 17} In addition, the May 18, 2007 plea form signed by appellant in each case set forth the plea agreement as follows:
 {¶ 18} "State recommends 7 years on Count I in 06CR214, 7 years on Count I in 07CR40 and 6 years on Count 2 in 07CR40, all consecutive for 20 years total imprisonment. Designation as child victim predator, ORC § 2950.01."
 {¶ 19} The trial court specifically explained the individual sentences and their consecutive nature, and informed appellant of the aggregate sentence. Appellant was given the opportunity to respond and object, but he declined to do so.
 {¶ 20} Upon review, we do not find any deficiency of defense counsel.
 {¶ 21} The sole assignment of error is denied.
 {¶ 22} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
 Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed. *Page 1